

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 4, 2017

Sherif Zaafran, M.D.
President
Texas Medical Board
Post Office Box 2018
Austin, Texas 78768-2018

Opinion No. KP-0168

Re: Whether section 483.102 of the Health and Safety Code authorizes an eligible prescriber to directly or by standing order prescribe an opioid antagonist to law enforcement agencies (RQ-0181-KP)

Dear Dr. Zaafran:

You ask whether section 483.102 of the Health and Safety Code authorizes an eligible prescriber to directly or by standing order prescribe an opioid antagonist to law enforcement agencies.[1] Answering your question first requires an understanding of opioids and opioid antagonists. Opioids are natural or synthetic substances that are also referred to as narcotics, and physicians often prescribe opioids for pain relief and other medical uses. Porter, R.S., & Kaplan, J.L., MERCK MANUAL PROFESSIONAL VERSION [database online] ("MERCK MANUAL").[2] Examples of prescription opioids include codeine, hydrocodone, methadone, morphine, and oxycodone. Id. ("Opioid Analgesics"). Heroin is also an opioid used as a recreational drug. Id. ("Opioid Use Disorder and Rehabilitation"). When used incorrectly, opioids can have serious side effects, and an opioid overdose can cause respiratory depression and death. Id. ("Opioid Misuse, Diversion, and Abuse"). In 2015, an estimated 33,091 deaths occurred in the United States from overdose on prescription and illicit opioids.[3] During the past legislative session, the Legislature found "that deaths resulting from the use of opioids and other controlled substances constitute a public health crisis."[4]

An "opioid antagonist" is "any drug that binds to opioid receptors and blocks or otherwise inhibits the effects of opioids acting on those receptors." TEX. HEALTH & SAFETY CODE § 483.101(2). An opioid antagonist, such as naloxone, may prevent deaths from opioid overdose if the overdosing person receives proper administration of the opioid antagonist. MERCK MANUAL, *supra* note 2 ("Opioid Toxicity and Withdrawal"). If administered in time, an opioid antagonist

---

[1]Letter from Dr. Sherif Zaafran, President, Tex. Med. Bd., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Sept. 18, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*Available at* https://www.merckmanuals.com/professional/SearchResults?query=opioids ("Opioid Analgesics").

[3]Centers for Disease Control and Prevention, Drug Overdose Death Data, Opioid Overdose, https://www.cdc.gov/drugoverdose/data/statedeaths.html.

[4]Act of May 26, 2017, 85th Leg., R.S., ch. 534, § 3, 2017 Tex. Sess. Law Serv. 1467, 1468.

can quickly restore regular respiration to a person whose breathing has slowed or stopped due to an opioid overdose. *Id.* Opioid antagonists can be delivered either by injection or through a nasal spray. *Id.* Recognizing the ability of opioid antagonists to save numerous lives, in 2015 the Legislature passed Senate Bill 1462, which permitted prescribing and dispensing an opioid antagonist to both persons at risk of experiencing an overdose and to individuals in a position to assist those experiencing an overdose.[5] In 2017, building on its prior efforts to address this health crisis, the Legislature required the Texas Medical Board to "adopt guidelines for the prescription of opioid antagonists." TEX. OCC. CODE § 170.002(a); *see also id.* § 151.002(a)(1) (defining "Board" as "the Texas Medical Board" for purposes of this section). Your question relates to these newly-enacted laws and to what extent they allow the prescription of opioid antagonists to law enforcement agencies.

Section 483.102 of the Health and Safety Code authorizes a "prescriber" to "directly or by standing order, prescribe an opioid antagonist to: (1) a person at risk of experiencing an opioid-related drug overdose; or (2) a family member, friend, or other *person in a position to assist* a person described by Subdivision (1)."[6] TEX. HEALTH & SAFETY CODE § 483.102(a) (emphasis added). Furthermore, section 483.103 authorizes a pharmacist to dispense an opioid antagonist to the same individuals authorized to obtain a prescription from a prescriber.[7] *Id.* § 483.103(a). Answering your question therefore requires a determination about whether law enforcement agencies are "persons in a position to assist" a person at risk of experiencing an opioid-related overdose within the meaning of the statute.

While section 483.102 does not expressly include an agency in the list of those authorized to receive a prescription, unless a statute provides otherwise, the term "person" includes "organization, government or governmental subdivision or agency . . . and any other legal entity." TEX. GOV'T CODE § 311.005(2) (Code Construction Act); TEX. HEALTH & SAFETY CODE § 1.002 (explaining that Code Construction Act applies to the Health and Safety Code unless expressly provided otherwise); *see also id.* § 483.001(8) (defining "person" to include "an individual,

---

[5]Act of May 29, 2015, 84th Leg., R.S., ch. 958, § 1, 2015 Tex. Gen. Laws 3397, 3398; *see also* Senate Research Center, Bill Analysis, Tex. S.B. 1462, 84th Leg., R.S. (2015) ("The drug naloxone, an opioid antagonist, offers a rapid and easily administered approach to quickly reverse an opioid overdose.").

[6]"Prescriber" is defined as "a person authorized by law to prescribe an opioid antagonist." TEX. HEALTH & SAFETY CODE § 483.101(4). "Opioid-related drug overdose" is defined as "a condition, evidenced by symptoms such as extreme physical illness, decreased level of consciousness, constriction of the pupils, respiratory depression, or coma, that a layperson would reasonably believe to be the result of the consumption or use of an opioid." *Id.* § 483.101(3).

[7]The Legislature shielded both prescribers and pharmacists from liability for opioid antagonists:

> A prescriber who, acting in good faith with reasonable care, prescribes or does not prescribe an opioid antagonist is not subject to any criminal or civil liability or any professional disciplinary action for:
>
> (1) prescribing or failing to prescribe the opioid antagonist; or
>
> (2) if the prescriber chooses to prescribe an opioid antagonist, any outcome resulting from the eventual administration of the opioid antagonist.

*Id.* § 483.102(c); *see also id.* § 483.103(c) (providing the same protection for a pharmacist dispensing opioid antagonists).

corporation, partnership, and association"). Furthermore, with regard to distributing an opioid antagonist, the statute provides that a "person *or organization* acting under a standing order . . . may distribute an opioid antagonist." TEX. HEALTH & SAFETY CODE § 483.104 (emphasis added). Thus, the Legislature made clear its intent that a standing order under section 483.102 could authorize both individuals and organizations to obtain opioid antagonists by prescription.

The question then becomes whether law enforcement agencies are "in a position to assist persons" experiencing an opioid-related drug overdose. Experiences of law enforcement agencies outside of Texas leave no question about the ability of law enforcement agencies to assist a person experiencing an opioid overdose.[8] For example, between 2010 and 2015, one municipal police department alone administered the opioid antagonist naloxone 419 times and rescued 402 individuals from opioid overdose.[9] As of December 2016, over 1,200 law enforcement departments nationwide carried naloxone in an effort to prevent opioid-related deaths.[10] As first responders, law enforcement officers have been and will continue to regularly be in a position to assist persons experiencing an opioid-related drug overdose. Thus, section 483.102 of the Health and Safety Code authorizes a prescriber to directly or by standing order prescribe an opioid antagonist to law enforcement agencies in a position to assist persons experiencing an opioid-related drug overdose.[11]

---

[8]Bryan B. Kitch & Roberto C. Portela, *Effective Use of Naloxone by Law Enforcement in Response to Multiple Opioid Overdoses*, PREHOSPITAL EMERGENCY CARE 226, 228 (Mar. 22, 2016) ("[T]he experience of our law enforcement providers in reversing multiple overdoses with naloxone in short succession represents proof of feasibility of training and distribution of this medication to first responders."). http://www.tandfonline.com/doi/pdf/10.3109/10903127.2015.1076097?needAccess=true.

[9]Food & Drug Admin., Law Enforcement & Naloxone Utilization in the United States, https://www.fda.gov/downloads/Drugs/NewsEvents/UCM454810.pdf.

[10]http://www.nchrc.org/law-enforcement/us-law-enforcement-who-carry-naloxone/.

[11]The Legislature shielded from liability those individuals who administer an opioid antagonist in good faith:

> A person who, acting in good faith and with reasonable care, administers or does not administer an opioid antagonist to another person whom the person believes is suffering an opioid-related drug overdose is not subject to criminal prosecution, sanction under any professional licensing statute, or civil liability, for an act or omission resulting from the administration of or failure to administer the opioid antagonist.

TEX. HEALTH & SAFETY CODE § 483.106(a).

## S U M M A R Y

Section 483.102 of the Health and Safety Code authorizes a prescriber to directly or by standing order prescribe an opioid antagonist to law enforcement agencies in a position to assist persons experiencing an opioid-related drug overdose.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee